UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. _____

UNITED STATES OF AMERICA

v.                                                                    FILED UNDER SEAL

GABRIEL ARTURO JIMENEZ ARAY,

Defendant.
_____/

## FACTUAL PROFFER

The following Factual Proffer is incorporated by reference as part of the Plea Agreement between the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the Southern District of Florida (collectively, the "Government"), and the Defendant, Gabriel Arturo Jimenez Aray (the "Defendant"). The Defendant agrees and stipulates that the following information is true and accurate. The Parties agree that these facts, which do not include all facts known to the Government and the Defendant, are sufficient to prove the guilt of the Defendant for the crime charged. Had this matter proceeded to trial, the Defendant acknowledges that the Government would have proven, beyond a reasonable doubt, the facts alleged below and the charge and forfeiture allegations set forth in the criminal Information.

1. The Defendant and his co-conspirators agreed to and did acquire Banco Peravia, a financial institution, in Santo Domingo, Dominican Republic. The Defendant and his co-conspirators made the decision to use Banco Peravia to pay bribes to Venezuelan government officials in order to conduct certain illegal financial schemes and to launder the money obtained from running those schemes.

2. In or around 2010, the Defendant, along with his co-conspirators, acquired Banco Peravia where the Defendant served as an owner, member of the board of directors, and at one point, President.

3. In addition, from approximately 2011 until 2014, the Defendant incorporated and managed Peravia Group LLC ("Peravia Group"), a Florida corporation with its principal place of business listed as being in Miami, Florida.

4. From approximately 2010 until 2014, when Banco Peravia and Peravia Group collapsed, the Defendant facilitated illegal transactions and bribe payments to foreign officials and others via bank issued credit cards, cash disbursements, wire transfers, and other financial transactions.

5. For example, the Defendant, in furtherance of the scheme, on behalf of Co-Conspirator 1 ("CC-1"), a Venezuelan national who maintains a residence in Miami, Florida, established a Panamanian company called Windham Commercial ("Windham") and opened an account at Banco Peravia for Windham. The Defendant met CC-1 in or around 2010 in Venezuela while working on behalf of the Venezuelan Ministry of Finance. CC-1 became an initial investor, owner, and partner of the Defendant in acquiring Banco Peravia. In approximately early 2012, the Defendant assigned control of Windham to CC-1. From approximately 2012 to 2014, CC-1 sent and caused to be sent wire transfers from Swiss bank accounts to the Windham account at Banco Peravia. The Defendant then wired the funds to U.S.-based accounts at JP Morgan Chase and Bank of America for Peravia Group.

6. Peravia Group's accounts were opened in Miami, Florida in the name of Banco Peravia in order to give the appearance the accounts were legitimate and tied to Banco Peravia in

the Dominican Republic. Peravia Group then sent bribe payments in the form of wire transfers to the third parties at the direction of CC-1.

7. For example, and in furtherance of the scheme, one or more of the bribe payments were made in the Southern District of Florida. Specifically, CC-1 directed the Defendant to pay a $50,000 bribe to the head of Venezuela's National Assembly appropriations committee, and on or about December 19, 2012, Peravia Group's Bank of America account issued a $50,000 check to the Venezuelan official's girlfriend, a resident in the Southern District of Florida.

8. The Defendant also used the proceeds of the corrupt schemes to engage in financial transactions greater than $10,000. For example, Banco Peravia opened a MasterCard franchise and Pervaia Group had an agreement with Banco Peravia to be the payor of the MasterCard charges. At the Defendant's and his co-conspirators' direction, Peravia Group then used these credit cards to pay bribes to Venezuelan officials on behalf of CC-1. Peravia Group, based in the Southern District of Florida, made numerous payments from its Bank of America account to MasterCard, to include, but not limited to, the following approximate amounts:

 a. $28,000 on or about August 7, 2014;

 b. $19,626 on or about September 18, 2014;

 c. $17,631 on or about October 27, 2014;

 d. $10,746 on or about October 31, 2014;

 e. $18,898 on or about November 17, 2014;

 f. $15,975 on or about November 20, 2014, and;

 g. $13,925 on or about November 21, 2014.

|  |  |
|---|---|
|  | SANDRA MOSER<br>ACTING CHIEF, FRAUD SECTION<br>Criminal Division<br>U.S. Department of Justice |
| Date: 3/20/18 | By: *(signature)*<br>VANESSA SNYDER<br>PAUL A. HAYDEN<br>TRIAL ATTORNEYS |
|  | BENJAMIN G. GREENBERG<br>UNITED STATES ATTORNEY<br>Southern District of Florida |
| Date: 3/20/2018 | By: *(signature)*<br>MICHAEL NADLER<br>ASSISTANT U.S. ATTORNEY<br>United States Attorney's Office<br>Southern District of Florida |
| Date: 3/20/2018 | *(signature)*<br>MARISSEL DESCALZO<br>ATTORNEY FOR DEFENDANT |
| Date: 3/20/2018 | *(signature)*<br>GABRIEL ARTURO JIMENEZ ARAY<br>DEFENDANT |

4