UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-80054-CR-ROSENBERG/HUNT

UNITED STATES OF AMERICA

v.

GABRIEL ARTURO JIMENEZ ARAY,

Defendant.
_____/

## ORDER OF FORFEITURE

THIS CAUSE is before the Court upon motion of the United States of America (the "United States") for entry of an Order of Forfeiture for a forfeiture money judgment in the amount of $38 million in U.S. currency against Defendant Gabriel Arturo Jimenez Aray. Being fully advised in the premises and based on the United States' Unopposed Motion for Order of Forfeiture, and Memorandum of Law in Support Thereof, the record in this matter, and for good cause shown thereby, the Court finds as follows:

1. On March 20, 2017, Defendant Gabriel Arturo Jimenez Aray (the "Defendant") pleaded guilty to a single-count Information, which charged him with conspiracy to violate 18 U.S.C. § 1957, that is, to knowingly engage and attempt to engage in monetary transactions by, through, or to a financial institution, affecting interstate and foreign commerce, in criminally derived property of a value greater than $10,000, such property having been derived from a specified unlawful activity (i.e. a violation of the Foreign Corrupt Practices Act, in violation of 15 U.S.C. § 78dd-3), in violation of 18 U.S.C. § 1956(h). *See* Information, ECF No. 3; Plea Agreement ¶ 2, ECF No. 14.

2. In a written Plea Agreement, the Defendant agreed, among other provisions, to the following:

11. The defendant agrees to forfeit to the United States voluntarily and immediately all property, real or personal, involved in the violation of Title 18, United States Code, Section 1956(h) charged in the Information. The defendant agrees to consent to the entry of orders of forfeiture for such property and for a forfeiture money judgment equal in value to the total amount of proceeds traceable to his offense of conviction. The defendant admits and agrees that the conduct described in the Information and Factual Proffer provides a sufficient factual and statutory basis for the forfeiture sought by the Government.

12. The defendant agrees to waive any appeal of the forfeiture. The defendant waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the Information, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant also waives any failure by the Court to advise the defendant of any applicable forfeiture at the time the guilty plea is accepted as required by Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any applicable time limits for the initiation of administrative or judicial forfeiture proceedings and/or further notification of any such forfeiture brought against the property sought for forfeiture.

13. The defendant also agrees to assist the Government in all proceedings, administrative or judicial, involving forfeiture to the United States of any property, including substitute property, regardless of its nature or form, real or personal, which the defendant or others known to the defendant, have accumulated as a result of illegal activities. The defendant agrees that the United States shall, at its option, be entitled to forfeiture of any property (substitute assets) of the defendant to satisfy the forfeiture money judgment. The defendant further agrees to take all steps necessary to locate property that could be used to satisfy the forfeiture money judgment and to pass title to the United States before the defendant's sentencing. To that end, the defendant agrees to fully assist the Government in the recovery and return to the United States of any assets, or portions thereof, wherever located. The assistance shall include: identification of any property subject to forfeiture, agreement to the entry of an order enjoining the transfer or encumbrance of such property, and the transfer of such property to the United States by delivery to the Government, upon the Government's request, any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property. The defendant knowingly and voluntarily waives any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property.

14. The defendant further understands that forfeiture is independent of any assessments, fines, costs, restitution, or any other penalty that may be imposed by the Court. The defendant knowingly and voluntarily waives any claim or defense the defendant may have under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property.

15. The defendant agrees to make full and accurate disclosure of his financial affairs to the Government, and expressly authorizes the Government to obtain a credit report. The defendant agrees that within 10 calendar days of his change of plea and upon request of the Government, the defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.

See Plea Agreement ¶¶ 11-15.

3. As set forth in the Factual Proffer submitted in support of his guilty plea, the Defendant and his co-conspirators used Banco Peravia, a financial institution in the Dominican Republic, to pay bribes to Venezuelan government officials in order to conduct certain illegal financial schemes and to launder the money obtained from running those schemes. See Factual Proffer 1, ECF No. 15. The Defendant served as an owner, member of the board of the directors, and, at one point, the president of the bank. See id. at 2. In addition, the Defendant incorporated and managed Peravia Group LLC, a Florida company with a principal place of business in Miami, Florida. See id. From approximately 2010 until 2014, when Banco Peravia and Peravia Group collapsed, the Defendant facilitated illegal transactions and bribe payments to foreign officials and others via bank issued credit cards, cash disbursements, wire transfers, and other financial transactions. See id.

4. The Defendant has agreed that the total amount of property involved in the charged conspiracy with Banco Peravia and related entities was at least approximately $38 million in U.S.

currency, and has consented to a forfeiture money judgment for this sum. *See infra* Local Rule 88.9 Certification.

5. Based on the Defendant's guilty plea, the Plea Agreement, the Factual Proffer, the Presentence Investigation Report, and his consent, the total value of the property, real or personal, involved in the charged money laundering conspiracy with Banco Peravia and related entities was at least approximately $38 million in U.S. currency. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, this sum may be sought as a forfeiture money judgment.

**THEREFORE**, the United States' Unopposed Motion for Order of Forfeiture is **GRANTED**, and it is hereby **ORDERED** that:

1. Pursuant to 18 U.S.C. § 982(a)(1), 21 U.S.C. § 853, and Rule 32.2 of the Federal Rules of Criminal Procedure, a forfeiture money judgment in the amount of $38 million in U.S. currency ($38,000,000.00) is hereby entered against Defendant Gabriel Arturo Jimenez Aray.

2. Pursuant to Rule 32.2(c)(1) of the Federal Rules of Criminal Procedure, no ancillary proceeding is required as the requested forfeiture consists of only a money judgment.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Order is final as to Defendant Gabriel Arturo Jimenez Aray and shall be made part of the sentence of the Court and is hereby incorporated in the judgment and commitment order issued in this case.

4. The United States is authorized, pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure and 21 U.S.C. § 853(m), to conduct any discovery necessary, including depositions, to identify, locate or dispose of forfeitable property.

5. The Court shall retain jurisdiction in this matter for the purpose of enforcing this Order.

**DONE AND ORDERED** in West Palm Beach, Florida, this 6th day of December, 2018.

HON. ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

cc: Nalina Sombuntham, Assistant U.S. Attorney (2 certified copies)

5