UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 18-CR-80054-ROSENBERG

UNITED STATES OF AMERICA

    *Plaintiff,*

v.

GABRIEL JIMENEZ,

    *Defendant.*

_____/

## **GABRIEL JIMENEZ'S MOTION FOR COMPASSIONATE RELEASE**

Gabriel Jimenez, through counsel, moves this Court to reduce his sentence to time served with a period of home detention as a special condition of his supervised release. This Court has the authority to do so pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), which, as amended by § 603 of the First Step Act of 2018, permits compassionate release under "extraordinary and compelling circumstances." Mr. Jimenez has served almost 50% of his sentence and has been a model inmate having incurred no discipline, participated in re-entry classes, and assisted other inmates learning English and with immigration issues. He seeks compassionate release based both on his family's circumstances—his college age son with issues that were previously described to this Court —as well as his age, heart disease, and stomach

issues, which place him at higher risk in light of the COVID-19 pandemic. Mr. Jimenez presents "extraordinary and compelling reasons" that warrant a reduction, which would be appropriate after consideration of the factors set forth in 18 U.S.C. § 3553(a) and the policy statements issued by the Sentencing Commission.

## I. RELEVANT PROCEDURAL HISTORY

Mr. Jimenez was sentenced to 36 months. He self-surrendered on June 28, 2019. His projected release date is January 15, 2022, which means he has approximately 16 months remaining on his sentence. It also means that he has served approximately 14 months – almost half of his sentence.

On May 28, 2020, undersigned counsel submitted a request for compassionate release to his warden. Exhibit 1. As the bases for his request, he noted his health conditions. *Id*. at 4-5. In support of his request, he cited his clean disciplinary history and verifiable re-entry plan. *Id.* at 5. More than 30 days have passed without Mr. Jimenez receiving a response.

## II. COMPASSIONATE RELEASE IS APPROPRIATE IN THIS CASE

### A. Legal authority

The First Step Act grants this Court authority to reduce Mr. Jimenez's sentence under 18 U.S.C. § 3582(c)(1)(A)(i) for "extraordinary and compelling reasons." Section 603 of the First Step Act provides that a court can now resentence "upon motion of the defendant," after the inmate has exhausted administrative

remedies with the BOP, or after thirty days from the receipt of the inmate's request for compassionate release with the warden of the defendant's facility, whichever comes earlier. 18 U.S.C. § 3582(c)(1)(A) (2018). Thus, under the First Step Act, a court may now consider the defendant's own motion to be resentenced.

Because more than 30 days have lapsed since Mr. Jimenez's submitted his request to the Warden, the instant motion is properly before this Court. *See* 18 U.S.C. § 3582(c)(1)(A) *and* Exs. 1-3; *see also U.S. v. Woodson,* Case No. 13-cr-20180-Altonaga, DE402:4 (S.D. Fla. June 5, 2020) (government and BOP conceding that 30 days sets the "ceiling on how long the BOP process may take and the maximum duration an inmate has to wait before getting judicial review). This Court can now turn to examining whether Mr. Jimenez's medical condition, his family situation, in conjunction with the COVID-19 pandemic, constitute extraordinary and compelling reasons.

> **B. Extraordinary and Compelling reasons exist to reduce Mr. Rousseau's sentence.**

To determine what constitutes "extraordinary and compelling circumstances," Congress tasked the Sentencing Commission with developing criteria. *See* 28 U.S.C. 994(t) (noting that, for "the sentencing modification provisions in 3582(c)(1)(A))," the Commission "shall described what should be considered extraordinary and compelling reasons …."). The Commission, in turn, set out three specific categories (medical conditions, age and family circumstances), as well as a

catch-all category ("other reasons"), which includes "extraordinary and compelling reason[s] other than, or in combination with," an individual's medical conditions, age, or family circumstances. *See* U.S. Sentencing Guidelines 1B1.13 cmt. n.1 (2018).

Mr. Jimenez has two, equally extraordinary and compelling reasons for a sentence reduction: 1) he suffers from comorbidities all of which place him at high risk of becoming seriously ill from Covid-19 related complications and 2) his family circumstances.

### (1). Mr. Jimenez suffers from co-morbidities placing him at high risk of becoming seriously ill from COVID-19

Mr. Jimenez is 52 years old. He suffers from severe stomach ulcers, a history of heart disease, he is pre-diabetic, and he is slightly overweight. Mr. Jimenez's heart disease includes an arrythmia and a heart incident in 2014. Worse, Mr. Jimenez has developed a large mass near his lung that has been left unevaluated due to the pandemic.

Mr. Jimenez's heart condition, obesity, and pre-diabetic status are extremely problematic co-morbidities that make him both especially susceptible to COVID-19 and more likely to have deleterious effects from it. In revisions to its advice just posted June 25, the CDC makes clear that Mr. Jimenez's afflictions make it especially dangerous for him to be in a communal setting. "People of *any age* with certain underlying medical conditions are at *increased risk for severe illness* from

COVID-19."[1] The "certain underlying medical conditions" that put Mr. Jimenez at increased risk for severe illness, include "Obesity (body mass index [BMI] of 30 or higher)."[2]

The most vulnerable of us are in far worse shape than the rest of us: "Approximately 90 percent of the 1,482 hospitalized patients . . . had one or more underlying medical conditions."[3] These diseases have been identified by studies as diseases that increase a person's susceptibility to Covid-19 and greatly decrease his survival rate.[4]

And while any of Mr. Jimenez's medical ailments alone increase his susceptibility to COVID-19 as well as predicting a much, much worse outcome – all of these things together are extremely dangerous when heading into the Covid-19 storm. Many Courts have found Mr. Evans's health issues, alone or in

---

[1] *People of Any Age with Underlying Medical Conditions,* CDC (June 25, 2020), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last accessed September 16, 2020).

[2] *Id.*

[3] *Id.*

[4] Zantou Wu & Jennifer M. McGoogan, *Characteristics of and Important Lessons From the Coronavirus Disease 2019 (COVID-19) Outbreak in China: Summary of a Report of 72 314 Cases From the Chinese Center for Disease Control and Prevention*, JAMA (Feb.24, 2020) available at https://jamanetwork.com/journals/jama/fullarticle/2762130 (last accessed May 27, 2020). ("CFR [case fatality rate] was elevated among those with preexisting comorbid conditions—10.5% for cardiovascular disease, … 6.0% for hypertension".).

combination with other illnesses, when measured against the Covid-19 threat, justify compassionate release.[5]

---

[5] *See United States v. Handy*, 3:10-cr-00128-RNC-8, 2020 WL 2487371 (D. Conn. May 14, 2020) (heart disease, hypertension and obesity); *United States v. Ebbers,* 2020 WL 92399 (S.D.N.Y. Jan. 8, 2020) (cardiomyopathy, diabetes, altered mental state); *United States v. Mattingly*, 6:15-cr-00005-NKM-JCH, 2020 WL 2499707 (W.D. Va. May 14, 2020) (wheelchair bound, with diabetes and hypertension); *United States v. Lopez*, 1:18-cr-02846-MV-1, 2020 WL 2489746 (D. N.M. May 14, 2020) (hypertension and Type II diabetes); *United States v. Gutman*, 1:19-cr-00069-RDB-2, 2020 WL 2467435 (D. Md. May 13, 2020) (56 year old with MS and hypertension); *United States v. Sedge*, 1:16-cr-00537-KAM, 2020 WL 2475071 (E.D. N.Y. May 13, 2020) (hypertension, hyperlipidemia, and coronary artery disease); *United States v. Barber*, 6:18-cr-00446-AA, 2020 WL 2404679 (D. Or. May 12, 2020) (hypertension, obesity and diabetes); *United States v. Rivernider*, 3:10-cr-00222-RNC, 2020 WL 2393959 (D. Conn. May 12, 2020) (diabetes, heart disease and hypertension); *United States v. Ramirez*, 1:17-cr-10328-WGY, 2020 WL 2404858 (D. Mass. May 12, 2020) (57 year old man with hypertension, diabetes, and high cholesterol)*; United States v. Ullings*, 1:10-cr-00406-MLB-1, 2020 WL 2394096 (N.D. Ga. May 12, 2020) (hypertension and obesity); *United States v. Valencia*, 1:15-cr-00163-AT-1, 2020 WL 2319323 (S.D. N.Y. May 11, 2020) (heart disease, hypertension, epileptic seizures, anxiety); *United States v. Foreman*, 3:19-cr-00062-VAB-1, 2020 WL 2315908 (D. Conn. May 11, 2020) (hypertension); *United States v. Reddy*, 2:13-cr-20358-MFL-LJM-1, 2020 WL 2320093 (E.D. Mich. May 11, 2020) (hypertension, Type II diabetes and orthopedic pain); *United States v. Pena*, 1:15-cr-00551-AJN-1, 2020 WL 2301199 (S.D. N.Y. May 8, 2020) (hypertension); *United States v. Connell*, 18-cr-00281-RS-1, 2020 WL 2315858 (N.D. Cal. May 8, 2020) (hypertension, high cholesterol and pre-diabetes); *United States v. Vo*, 15-CR-00310-BLF-2, 2020 WL 2300101 (N.D. Cal. May 7, 2020) (age, hyperlipidemia, hypertension); *United States v. Quintero*, 6:08-cr-06007-DGL-1, 2020 WL 2175171 (W.D. N.Y. May 6, 2020) (immune suppression, obesity, diabetes and hypertension); *United States v. Reid*, 3:17-cr-001750-CRB-2, 2020 WL 2128855 (N.D. Cal. May 5, 2020*)* (Valley Fever, prone to heart disease, because hypertension and high cholesterol)*; United States v. Pabon*, 2:17-cr-00165-AB-1, 2020 WL 2112265 (E.D. Penn. May 4, 2020) (54 year old man with diabetes, hypertension, hemophilia, atopic dermatitis, gastroesophageal reflux disease, peptic ulcer, and diverticulitis.); *United States v. Guzman Soto*, 1:18-cr-10086-IT-1, 2020 WL 2104787 (D. Mass. May 1, 2020) (age (54), hypertension and diabetes); *United States v. Etzel*, 6:17-CR-00001-AA, 2020 WL 2096423 (D. Or. May 1, 2020) (hypertension, hepatitis C, coronary and cardiac issues); ; *United States v. Lacy*, 3:15-cr-30038-SEM-TSH-1, 2020 WL 2093363 (C.D. Ill. May 1,2020) (hypertension, diabetes, obesity); *United States v. Ardila*, 3:03-cr-00264-SRU-1, 2020 WL 2097736 (D. Conn. May1,2020) (age, diabetes, cardiovascular disease, hypertension, asthma and obesity);

*United States v. Pinkerton*, 15-CR-30045-3, 2020WL2083968 (C.D. Ill. Apr. 30, 2020) (diabetes, hypertension, avascular necrosis); *United States v. Brown*, 4:05-cr-00227-RP-CFB-1, 2020 WL 2091802 (S.D. Iowa Apr. 29, 2020) (hypertension, migraines, low white blood cell count, sleep apnea, nasal obstruction); *United States v. Bertrand*, 3:00-cr-00012-LC-1, 2020 WL 2179387 (N.D. Fla.Apr. 29,2020) (prostrate cancer survivor, previous pulmonary embolism, diabetes, chronic kidney disease, asthma and hypertension); *United States v. Musumeci*, 1:07-cr-00402-RMB-1, Dkt. No. 58 (S.D. N.Y. Apr. 28,2020); *United States v. Handy*, PJM 04-0559, 2020 WL 2041666 (D. Md. Apr. 28, 2020) (lupus, hypertension, asthma, arthropathy, Reynaud's syndrome, and anemia); *United States v. Harper*, 7:18-cr-00025-EKD-JCH-1, 2020 WL 2046381 (W.D.Va. Apr. 28, 2020) (left ventricular hypertrophy, COPD, asthma, hypertension, emphysema, and sleep apnea); *United States v. Robinson*, 3:18-cr-00597-RS-1, 2020 WL 1982872 (N.D. Cal. Apr. 27, 2020) (hypertension and psoriasis); *United States v. Sanchez*, 1:95-cr-00421-MGC-1,Dkt. No.290 (S.D. Fla. Apr. 27, 2020) (hypertension); *United States v. Dillard*, 1:15-cr-170-SAB, Dkt. No. 71 (D. Idaho Apr.27, 2020) (hypertension); *United States v. Williams*, 3:17-CR-121-(VAB)-1, 2020 WL 1974372 (D. Conn. Apr. 24, 2020) (asthma, hypertension, ADHD, kidney issues, bypass surgery and high cholesterol); *United States v. Coles*, 2:00-cr-20051-SEM-TSH-1, 2020 WL 1976296 (C.D. Ill. Apr. 24, 2020) (48 year old hypertension and prostate issues); *United States v. Jackson*, 4:14-CR-00576, 2020 WL 1955402 (S.D.Tex. Apr.23, 2020) (kidney disease, hypertension, heart disease and lung disease); *United States v. Logan*, 1:12-cr-00307-LEK-1,Dkt. No. 179 (N.D.N.Y. Apr. 22, 2020) (hypertension); *United States v. Bess*, 16-CR-156,2020 WL 1940809 (W.D.N.Y. Apr. 22, 2020) (heart disease with limited heart function); *United States v .Curtis*, 1:03-cr-00533-BAH-1, 2020 WL 1935543 (D. D.C. Apr. 22, 2020) (wheelchair bound, hypertension, reflux, IBS and glaucoma); *United States v. Scparta*, 1:18-cr-00578-AJN-1, 2020 WL 1910481 (S.D.N.Y. Apr. 20, 2020) (hypertension); *United States v. Joling*, 6:15-cr-00113-AA-1, 2020 WL 1903280 (D. Or. Apr.17, 2020) (hypertension, atherosclerosis, a history of transient ischemic attacks, dyslipidemia, obesity, history of prostate cancer); *United States v. Gileno*, 3:19-cr-161-(VAB);-1, 2020 WL 1904666 (D.Conn. Apr. 17,2020) (asthma); *United States v. Hammond*, 1:02-cr-00294-BAH-1, 2020 WL 1891980 (D.D.C. Apr. 16, 2020) (age and prostate cancer); *United States v. Samy*, 2:16-cr-20610-AJT-DRG-1, 2020 WL 1888842 (E.D.Mich. Apr. 16, 2020) (hypertension, heart failure, diabetes and asthma); *United States v. Sawicz*, 1:08-cr-00287-ARR-1, 2020 WL 1815851 (E.D.N.Y. Apr. 10, 2020) (hypertension); *United States v. Burrill*, 17-CR-00491-RS-2, 2e (N.D. Cal. Apr. 10, 2020) (hypertension); *United States v. Miller*, 2:16-cr-20222-AJT-RSW-1, 2020 WL 1814084 (E.D.Mich. Apr. 9, 2020) (heart disease, hypertension, COPD, Hepititis C, pulmonary disease, cirrhosis of the liver); *United States v. Hansen*, 1:07-cr-00520-KAM-2, 2020 WL 1703672 (E.D. N.Y. Apr. 8, 2020) (heart disease, hypertension, hyperlipidemia); *United States v. Gross*, 1:15-cr-00769-AJN-3, 2020 WL 1673244 (S.D. N.Y. Apr. 6, 2020) (hypertension, sleep apnea and obesity); *United States v. Zukerman*, 1:16-cr-00194-AT-1, 2020 WL 1659880 (S.D.N.Y. Apr. 3,

### (2). The medical situation in Mr. Jimenez's family is serious and well documented.

As the Court was made aware during Mr. Jimenez's sentencing, his youngest son suffers from mental illness due to his mother's untimely death. Mr. Jimenez's sister moved to the United States in order to care for Mr. Jimenez's son during his prison term. Mr. Jimenez's sister also made arrangements for the son to visit and be regular contact with Mr. Jimenez. Unfortunately, since the pandemic hit, contact between Mr. Jimenez and his son is extremely limited. The son cannot visit. The phone calls are limited because Mr. Jimenez is only permitted to leave his cell in limited situations. And Mr. Jimenez lost all contact with the outside world for a three week period because the Bureau of Prisons abruptly decided to close the facility housing Mr. Jimenez. As a result, without any forewarning, Mr. Jimenez was placed in quarantine and transferred. The quarantine and transfer process took

---

2020) (age, diabetes, hypertension and obesity); *United States v. Ghorbani*, 18-cr-255-PLF (D.D.C. Apr. 3, 2020) (hypertension); *United States v. Colvin*, 3:19-cr-00179-JBA-1, 2020 WL 1613943 (D. Conn. Apr. 2, 2020) (hypertension and diabetes); *United States v. Rodriguez*, 2:03-cr-00271-AB-1, 2020 WL1627331 (E.D.Penn. Apr. 1, 2020) (hypertension, diabetes and liver abnormalities); *United States v. Muniz*, 4:09-cr-00199-1, 2020 WL 1540325 (S.D.Tex. Mar. 31, 2020) (hypertension, diabetes and renal disease); *United States v. Harpine*, 6:91-cr-60156-MC-1, Dkt.No. 221 (D.Or. Mar.27, 2020) (hypertension).

almost three weeks causing extreme anxiety for his son and exacerbating an already delicate situation.

Mr. Jimenez's circumstances are similar to those that the Sentencing Commission specifically articulated as examples of "extraordinary and compelling reasons" in its policy guidance. *See* U.S.S.G. § 1B1.13 n.1. Mr. Jimenez's son desperately needs his father. This is a factor that weighs in favor of reducing Mr. Jimenez's sentence to home confinement. *See e.g.*, *United States v. Aguirre*, 214 F.3d 1122 (9th Cir. 2000) (within district court's discretion to depart downward 4 levels for extraordinary family circumstances "based on the fact that there is an 8 year-old son who's lost a father and would be losing a mother for a substantial period of time"); *United States v. Milikowsky*, 65 F.3d 4, 8 (2d Cir. 1995) ("Among the permissible justifications for downward departure ... is the need, given appropriate circumstances, to reduce the destructive effects that incarceration of a defendant may have on innocent third parties."); *United States v. Haversat*, 22 F.3d 790 (8th Cir. 1994) (in antitrust case where husband's care is critical to well-being of mentally ill wife, downward departure ok, but not to probation).

Importantly, Mr. Jimenez notes that he is not seeking to use his son's condition has an excuse to avoid incarceration. If that were the case, he would have made this request months ago. Instead, the situation at home has deteriorated, coupled with the deadly risk of COVID-19 for a person in Mr. Jimenez's medical

condition, has created a severe situation that is extraordinary and compelling. It would truly be tragic for Mr. Jimenez's son to lose a mother to cancer and a father to COVID-19.

### C.     18 U.S.C. § 3553(a) factors weigh in favor of Mr. Jimenez's release because he is not a danger to the community.

When considering a compassionate release request, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The Policy Statement in USSG §1B1.13 suggest that, in determining whether Mr. Rousseau's sentence should be reduced, the Court should first decide whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g). USSG §1B1.13(2).

Mr. Jimenez was convicted of a nonviolent offense and he has been a model prisoner. His BOP Patterns score confirms and shows that he has been calculated as a "Minimum" risk. *See* BOP Pattern Record attached hereto as Exhibit 2. Moreover, Mr. Jimenez's Individualized Reentry Plan Program Review, attached hereto as Exhibit 3, demonstrates that Mr. Jimenez has spent his time in prison productively. He has taken advantage of the educational programs provided at the prison. And prior to being moved, he was working in the library assisting other inmates. *See id.*

Mr. Jimenez's success if released is guaranteed not only by his conduct while in prison, but by his stable release plan. If released, he will reside with his sister and

son in Houston, Texas. His sister is willing to take financial responsibility for Mr. Jimenez in her home. She has an individual bedroom and bathroom in the home where Mr. Jimenez can isolate and quarantine for 14 days if released. And, of course, he will be required to report to Probation for supervision and to comply with any home detention or other supervision requirements.

Under Probation's supervision, as well as with a loving and supportive family, Mr. Jimenez does not pose a danger to the community.

### III. CONCLUSION

Having served almost 50% of his sentence and demonstrated the current and needs of his family, in conjunction with his own increased risk, this Court should GRANT Mr. Jimenez motion for compassionate release.

Undersigned counsel has communicated with government counsel AUSA Paul Hayden regarding relief requested in this motion. AUSA advised that the government opposes the motion.

Date: September 18, 2020

        Respectfully submitted,

        TACHE, BRONIS, CHRISTIANSON AND DESCALZO, P.A.
        150 S.E. 2nd Avenue, Suite 600
        Miami, Florida 33131
        Telephone: (305) 537-9565

                                                Facsimile:   (305) 537-9567

                                                By:  */s/ Marissel Descalzo*
                                                       Marissel Descalzo
                                                       Florida Bar No. 669318
                                                     mdescalzo@tachebronis.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was filed with the Court under seal and served on all counsel of record this 18th day of September, 2020.

                                                By:  */s/ Marissel Descalzo*
                                                       Marissel Descalzo, Esq.