## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 18-CR-80054-ROSENBERG

UNITED STATES OF AMERICA,

      Plaintiff,

v.

GABRIEL JIMENEZ,

      Defendant.

_____/

### ORDER DENYING WITHOUT PREJUDICE
### MOTION FOR COMPASSIONATE RELEASE

      This cause comes before the Court upon Defendant's Motion for Compassionate Release.  On November 30, 2018, the Court sentenced Defendant to imprisonment for a term of 36 months.  Defendant filed the instant motion on September 18, 2020.

      Defendant seeks relief under 18 U.S.C. § 3582(c)(1)(A)(i).  Defendant seeks a compassionate release.

      Once a sentence of imprisonment is imposed, a court's authority to modify the sentence is narrowly limited by statute.  *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010).  Under § 3582(c)(1)(A), a court may modify a term of imprisonment:

> upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).  The court may reduce the term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *Id.*  In making the decision whether to reduce

the term of imprisonment, the court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable. *Id.*

Defendant's Motion facially contends that he has exhausted administrative remedies before the BOP prior to filing the Motion before the Court, but Defendant's attachment in support of the same contains no signature of receipt by the BOP or otherwise establishes that the BOP received the request—the BOP, for its part, represents that it has never received a request from the Defendant. DE 56 at 10. "Exhaustion of administrative remedies may be either mandated by statute or imposed as a matter of judicial discretion." *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998). The Supreme Court has declared that, "[w]here Congress specifically mandates, exhaustion is required." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992), *superseded in part by statute on other grounds*, Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 42 U.S.C. § 1997e, *as recognized in Porter v. Nussle*, 534 U.S. 517, 524 (2002); *see also Coit Indep. Joint Venture v. Fed. Sav. & Loan Ins. Corp.*, 489 U.S. 561, 579 (1989) ("Our past cases have recognized that exhaustion of administrative remedies is required where Congress imposes an exhaustion requirement by statute."). "[M]andatory language means a court may not excuse a failure to exhaust, even to take [special] circumstances into account." *Ross v. Blake*, 136 S. Ct. 1850, 1856-57 (2016) (explaining that judge-made exhaustion doctrines are "amenable to judge-made exceptions," but that "a statutory exhaustion provision stands on a different footing" because "Congress sets the rules—and courts have a role in creating exceptions only if Congress wants them to"); *see also Booth v. Churner*, 532 U.S. 731, 741 n.6 (2001) (stating that "we will not read futility or other exceptions into statutory exhaustion requirements where Congress has provided otherwise").

The Eleventh Circuit Court of Appeals has echoed the Supreme Court on this point. *See Alexander*, 159 F.3d at 1326 (stating that "where Congress specifically mandates, exhaustion is required" (alteration and quotation marks omitted)). "Mandatory exhaustion is not satisfied by a judicial conclusion that the

requirement need not apply." *Id.*; *see also Myles v. Miami-Dade Cty. Corr. & Rehab. Dep't*, 476 F. App'x 364, 366 (11th Cir. 2012) ("Because exhaustion is mandated by the statute, we have no discretion to waive this requirement."). "[T]he courts cannot simply waive those requirements where they determine they are futile or inadequate." *Alexander*, 159 F.3d at 1326; *see also Ga. Power Co. v. Teleport Commc'ns Atlanta, Inc.*, 349 F.3d 1047, 1050 (11th Cir. 2003) (explaining that "courts cannot waive an exhaustion requirement on the basis of futility where Congress specifically mandates exhaustion"); *Cochran v. U.S. Health Care Fin. Admin.*, 291 F.3d 775, 780 (11th Cir. 2002) (stating that exceptions to exhaustion such as futility or inadequacy "do not apply to a statutorily-mandated exhaustion requirement").

A judicially developed exhaustion requirement, on the other hand, may be excused by a court under certain circumstances as a matter of judicial discretion. *See McCarthy*, 503 U.S. at 144-46. In exercising that discretion, a court "must balance the interest of the individual in retaining prompt access to a federal judicial forum against countervailing institutional interests favoring exhaustion." *Id.* at 146. The circumstances in which an individual's interest may weigh against requiring exhaustion include: (1) where "requiring resort to the administrative remedy may occasion undue prejudice to subsequent assertion of a state court action," such as prejudice "from an unreasonable or indefinite timeframe for administrative action" or "irreparable harm if [the plaintiff is] unable to secure immediate judicial consideration of his claim"; (2) where there is "some doubt as to whether the agency was empowered to grant effective relief"; and (3) "where the administrative body is shown to be biased or has otherwise predetermined the issue before it." *Id.* at 146-48 (quotation marks omitted).

Here, the Court is faced with an exhaustion requirement in § 3582(c)(1)(A) that Congress has mandated. Unless the BOP itself moves for a sentence modification, a court "may not modify a term of imprisonment" unless the defendant "has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or has waited "30 days from the receipt of

such a request by the warden of the defendant's facility," whichever is earlier.  18 U.S.C. § 3582(c)(1)(A). The language that Congress chose to use is clear and unambiguous.  The Court cannot read exceptions into § 3582(c)(1)(A).

The Court is mindful that district courts across the country are split on this issue.  Some courts have considered congressional intent and have concluded that, given the situation with the COVID-19 pandemic, Congress would not intend § 3582(c)(1)(A)'s exhaustion requirement to apply rigidly.  Some courts, operating under circumstances where the Government has waived exhaustion, have ruled that § 3582(c)(1)(A)'s exhaustion requirement can be waived.

However, after considering binding precedent, the Court concludes that it cannot excuse a failure to exhaust administrative remedies before seeking a sentence modification from the Court.  *See United States v. Raia*, 954 F.3d 595, 597 (3d Cir. 2020) (explaining that a defendant's failure to comply with § 3582(c)(1)(A)'s exhaustion requirement "present[ed] a glaring roadblock foreclosing compassionate release").

In *Washington v. Barr*, the Second Circuit Court of Appeals stated: "Even where exhaustion is seemingly mandated by statute or decisional law, the requirement is not absolute."  925 F.3d 109, 118 (2d Cir. 2019).  The Second Circuit, however, provided no support for the proposition that an exhaustion requirement that is mandated by statute is not absolute.  *See id.*  Elsewhere in the opinion, in fact, the court cited to the Supreme Court's declaration in *McCarthy* that, "'Where Congress specifically mandates it, exhaustion is required.'"  *Id.* at 116 (alteration omitted) (quoting *McCarthy*, 503 U.S. at 144).  The court in *Barr* examined a situation in which the text of the statute at issue, the Controlled Substance Act, did not mandate exhaustion of administrative remedies.  *See id.*  But, "as a prudential rule of judicial administration," the court nevertheless required exhaustion before the Drug Enforcement Administration prior to a lawsuit challenging the classification of marijuana as a Schedule I controlled substance,

4

concluding that exhaustion was consistent with congressional intent and was "eminently sensible." *Id.* at 115-18.  The court then stated that exhaustion that "is seemingly mandated by statute . . . is not absolute." *Id.* at 118.  The court's use of the word "seemingly" may have been a reference to an exhaustion requirement that, while not explicitly provided for in the statutory text, is consistent with the statutory purpose and congressional intent and therefore should be imposed as a matter of judicial discretion.  *See id.*  In any event, even if a statutory exhaustion requirement is not absolute in the Second Circuit, this Court is bound to follow Eleventh Circuit precedent, which, as stated above, holds that exhaustion is required where mandated by Congress.  *See, e.g.*, *Alexander*, 159 F.3d at 1326.

Defendant arguably contends that the exhaustion requirement in § 3582(c)(1)(A) is a non-jurisdictional claim-processing rule that can be waived.  "A rule is jurisdictional if the Legislature clearly states that a threshold limitation on a statute's scope shall count as jurisdictional." *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) (alteration and quotation marks omitted).  Congress need not use any particular "magic words" to speak clearly.  *Sebelius v. Auburn Reg'l Med. Ctr.*, 568 U.S. 145, 153 (2013).  Rather, a court considers context and interpretations of similar statutory provisions to resolve whether Congress intended a specific provision to be jurisdictional.  *Id.* at 153-54.  A jurisdictional rule governs a court's adjudicatory authority, may be raised at any point in the litigation, must be raised by a court *sua sponte*, and can never be waived or forfeited.  *Gonzalez*, 565 U.S. at 141.

In instances where Congress has not spoken clearly, courts should treat restrictions as non-jurisdictional.  *Sebelius*, 568 U.S. at 153.  Non-jurisdictional claim-processing rules "seek to promote the orderly progress of litigation by requiring that the parties take certain procedural steps at certain specified times." *Fort Bend Cty., Tex. v. Davis*, 139 S. Ct. 1843, 1849 (2019) (quotation marks omitted).  "A claim-processing rule may be 'mandatory' in the sense that a court must enforce the rule if a party properly raises it." *Id.* (alteration and quotation marks omitted).  "But an objection based on a mandatory claim-processing

5

rule may be forfeited if the party asserting the rule waits too long to raise the point." *Id.* (quotation marks omitted).

Under the circumstances of this case, the Court need not resolve the question of whether Congress's use of the language that a "court may not modify a term of imprisonment once it has been imposed except that" in § 3582(c)(1)(A) is a jurisdictional directive. Even if the Court accepts Defendant's argument that § 3582(c)(1)(A) imposes a non-jurisdictional claim-processing rule, and even if, despite the caselaw explaining that statutory exhaustion provisions are mandatory, the Court accepts that this claim-processing rule may be waived or forfeited, the Government has consistently neither waived nor forfeited the requirement of exhaustion in this Court.

Compliance with § 3582(c)(1)(A) does not cause an indefinite, or even a particularly long, delay for a prisoner to seek sentence modification relief from a court. The statute places a limit on the time given for the BOP to act. If the BOP has not acted on a request after 30 days, the prisoner may then file a motion with a court. If the BOP denies the prisoner's request in fewer than 30 days, the prisoner may turn to the court immediately.

The Court is sympathetic to the hardships that imprisonment creates, especially under the unusual circumstances presented by the COVID-19 pandemic. But the Court notes that the BOP possesses greater knowledge about the conditions within its prisons, its response to the pandemic, and the adequacy of release plans. The BOP should be given the first opportunity to respond to Defendant's request for sentence modification. For the reasons given above, Defendant must provide proof of exhaustion of his administrative remedies or, should the BOP fail to act, proof of the date of receipt by the BOP of a request to exhaust administrative remedies. Defendant's motion for sentence modification is denied without prejudice to allow exhaustion before the BOP and/or to provide proof of receipt of the same.

6

Accordingly, it is **ORDERED AND ADJUDGED** that Defendant's Motion for Compassionate Release [DE 53] is **DENIED WITHOUT PREJUDICE** for Defendant to first exhaust administrative remedies.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 3rd day of December, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Counsel of Record